**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IPCOM, GMBH & CO. KG<br><br>        Plaintiff,<br><br>  v. | |
| AT&T INC., ET AL.<br><br>        Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br><br>        Intervenor,<br><br>ERICSSON INC.,<br><br>        Intervenor, | Case No.: 2:20-cv-00322<br>LEAD CASE<br>**JURY DEMANDED** |
| VERIZON COMMUNICATIONS, ET AL.<br><br>        Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br><br>        Intervenor,<br><br>ERICSSON INC.,<br><br>        Intervenor. | Case No.: 2:20-cv-00323-JRG<br>**JURY DEMANDED** |

**STIPULATION OF PARTIAL SUMMARY JUDGMENT ON CERTAIN CLAIMS**

The above-captioned parties to this action, through their attorneys, hereby stipulate and agree, subject to the approval of the Court as follows:

1.      This is a patent infringement action, in which Plaintiff IPCom, GmbH & Co. KG has alleged, *inter alia*, that Defendants AT&T Corp., AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, AT&T Services Inc. ("AT&T" or "Defendants") have infringed claim 1 of U.S. Patent No. 7,778,310 (the "'310 Patent").

2.      On January 6, 2021, IPCom served Defendants with infringement contentions for, *inter alia*, claim 1 of the '310 Patent.  ECF No. 29.  IPCom's infringement contentions alleged that AT&T had directly infringed claim 1 under 35 U.S.C. § 271(a) by using, installing, testing, and/or maintaining NodeBs and related software and equipment in AT&T's cellular network, including at least 3G Compatible NodeBs supplied by Ericsson and Nokia.

3.      On September 15, 2021, the Court entered its Claim Construction Memorandum Opinion and Order ("Claim Construction Order"), ECF No. 15.

4.      With respect to claim 1 of the '310 Patent, the Court construed the phrase "perch channel[s]" to mean "control channel[s] for notifying reverse link interference power measured at the base station, system frame number, and the like."  Claim Construction Order at 35.  In its analysis, the Court stated:

> There are two issues in dispute.  First, whether a perch channel is necessarily for notifying reverse link interference power measured at the base station and system frame number.  It is.  Second, whether each claim-recited "perch channel" is a singular rather than a group of one or more channels.  Each is a singular physical channel.

*Id.* at 34.

5.      Further, with respect to the same claim, the Court construed the term "common short code" to mean "a short period spreading code defined uniquely to the mobile communication system."  *Id.* at 39.

6.      IPCom does not agree with the Court's constructions of the terms "perch channel[s]" and "common short code."  IPCom argued for different constructions for these terms as briefed in IPCom's Opening Claim Construction Brief (ECF No. 89) and IPCom's Reply Claim Construction Brief (ECF No. 101).

7.      Based on the Court's foregoing constructions, the accused NodeBs and related software and equipment in AT&T's cellular network do not infringe claim 1 of the '310 Patent.

8.      Therefore, the parties agree to the entry of partial summary judgment of non-infringement for claim 1 of the '310 Patent, with the understanding the parties expressly reserve the right to appeal any issues pertaining to the Court's foregoing claim constructions and/or the Partial Summary Judgement of Noninfringement with respect to the '310 Patent.

9.      Therefore, Defendants agree to dismiss all of their pending counterclaims and defenses with respect to claim 1 of the '310 Patent without prejudice and without waiving any Defendants' right to assert or reassert any or all such claims or defenses in this action or another, including but not limited to the appellate court remanding the case for further proceedings. Defendants have non-infringement and invalidity claims or defenses with respect to claim 1 of the '310 patent in addition to those addressed in this Stipulation, and expressly reserve the right to assert those claims or defenses in this action or another, including but not limited to the appellate court remanding the case for further proceedings.

DATED:  October 7, 2021                    Respectfully submitted,


                                           By: /s/ *Jeffrey B. Plies*
                                           Martin J. Black **LEAD ATTORNEY**
                                           Pennsylvania Bar No. 54319
                                           Dechert LLP
                                           Cira Centre
                                           2929 Arch Street
                                           Philadelphia, PA 19104
                                           Tel: (215) 994-4000
                                           Fax: (215) 994-2222
                                           martin.black@dechert.com

                                           Jeffrey B. Plies
                                           Dechert LLP
                                           Texas Bar No. 24027621
                                           515 Congress Avenue
                                           Suite 1400
                                           Austin, TX 78701
                                           Tel: (512) 394-3000
                                           jeffrey.plies@dechert.com

                                           Nisha Patel
                                           Dechert LLP
                                           California State Bar No. 281628
                                           3000 El Camino Real
                                           Five Palo Alto Square, Suite 650
                                           Palo Alto, CA  94306
                                           Tel: (650) 813-4800
                                           Fax: (650) 813-4848
                                           nisha.patel@dechert.com


                                           ***Attorneys for Plaintiff***
                                           **IPCom, GmbH & Co. KG**

/s/ *Kevin R. Schubert* (with permission)

Deron R. Dacus
Shannon M. Dacus
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
ddacus@dacusfirm.com
sdacus@dacusfirm.com

Nicholas M. Mathews
McKool Smith PC
300 Crescent Court
Suite 1500
Dallas, TX 75201
nmathews@mckoolsmith.com

Kevin R. Schubert
Mckool Smith PC
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 1001-8603
kschubert@mckoolsmith.com

Matthew T. Cameron
McKool Smith PC
300 West 6th Street, Suite 1700
Austin, TX 78701
mcameron@mckoolsmith.com

***Attorneys for AT&T Corp., AT&T
Communications, LLC, AT&T Mobility
LLC, AT&T Mobility II LLC, and AT&T
Services Inc.***

/s/ *Wesley C. Achey* (with permission)

John D. Haynes
Wesley C. Achey
Michael C. Deane
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
john.haynes@alston.com
wes.achey@alston.com
michael.deane@alston.com

Brady Cox
Alston & Bird LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
brady.cox@alston.com

***Attorneys for Intervenor Nokia of America
Corporation***

/s/  *Nicholas M. Mathews* (with permission)

Nicholas M. Mathews
McKool Smith PC
300 Crescent Court
Suite 1500
Dallas, TX 75201
nmathews@mckoolsmith.com

Samuel F. Baxter
McKool Smith PC
104 East Houston Street, Suite 300
Marshall, TX 75670
sbaxter@mckoolsmith.com

***Attorneys for Intervenor Ericsson, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record who have consented to electronic service as this district requires in accordance with Local Rule CV-5(a)(3)(A) on this 7th day of October, 2021.


*/s/ Jeffrey B. Plies*
Jeffrey B. Plies