# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IPCOM, GMBH & CO. KG<br><br>  Plaintiff,<br><br> v.<br><br> | |
| AT&T INC., ET AL.<br><br>  Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br><br>  Intervenor,<br><br>ERICSSON INC.,<br><br>  Intervenor, | Case No.: 2:20-cv-00322<br>LEAD CASE<br>**JURY DEMANDED** |
| VERIZON COMMUNICATIONS, ET AL.<br><br>  Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br><br>  Intervenor,<br><br>ERICSSON INC.,<br><br>  Intervenor. | Case No.: 2:20-cv-00323-JRG<br>**JURY DEMANDED** |

**PLAINTIFF IPCOM'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Motion *in Limine* No. 1: Exclude evidence or argument concerning alleged discovery wrongdoing by IPCom, including that IPCom failed to produce Hitachi licenses, Bosch licenses, and/or Frohwitter emails, or attempted to shield such materials from discovery. | 1 |
| II. | Motion *in Limine* No. 2: Exclude evidence, argument, or insinuation that IPCom, its predecessors, or the inventors breached a duty to disclose patents to standards setting organizations (*e.g.*, ETSI, 3GPP, 3GPP2, WAP Forum). | 2 |
| III. | Motion *in Limine* No. 3: Exclude evidence, argument, or insinuation that IPCom, its predecessors, or the inventors withheld or failed to disclose prior art to the patent office. | 3 |
| IV. | Motion *in Limine* No. 4: Exclude evidence or argument concerning ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. | 5 |
| V. | Motion *in Limine* No. 5: Exclude evidence or argument concerning ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. | 6 |
| VI. | Motion *in Limine* No. 6: Exclude evidence or argument concerning other litigations involving IPCom, except for the original litigation between IPCom and Deutsche Telekom. | 6 |
| VII. | Motion *in Limine* No. 7: Preclude mention of patents, patent claims, and accused products that have been dropped. | 7 |
| VIII. | Motion *in Limine* No. 8: Exclude evidence or argument that an expert's opinion has been excluded or found to be unreliable in this or any other lawsuit. | 9 |
| IX. | Motion *in Limine* No. 9: Exclude evidence or argument concerning IPCom's pre-suit correspondence with Defendants and Intervenors. | 10 |
| X. | Motion *in Limine* No. 10: Preclude argument or insinuation that the accused instrumentalities do not infringe because ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. | 10 |
| XI. | Motion *in Limine* No. 11: Exclude evidence or argument concerning absent witnesses not under the control of a party. | 12 |
| XII. | Motion *in Limine* No. 12: Exclude evidence or argument that the Intervenors are accused infringers, the real defendants, or similar. | 13 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acorn Semi, LLC v. Samsung Elecs. Co. Ltd.*,
  No. 2:19-cv-00347-JRG, D.I. 331 (E.D. Tex. Apr. 29, 2021) ................................................. 5

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
  Civ. Action No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ................. 4, 8

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
  922 F.2d 792 (Fed.Cir.1990) ............................................................................................... 11

*Cellular Commc'ns Equip. LLC v. Apple Inc.*,
  2016 WL 11496010 (E.D. Tex. Sept. 2, 2016) ................................................................... 14

*CXT Sys., Inc. v. Academy, Ltd.*, 2:18-cv-00171-RWS-RSP, D.I. 424, (E.D. Tex.
  Jan. 27, 2020) ....................................................................................................................... 5

*DataTreasury Corp. v. Wells Fargo & Co.*,
  No. 2:06-CV-72 DF, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) .................................. 8

*Daubert v. Merrell Dow Pharma., Inc.*,
  509 U.S. 579 (1993) ......................................................................................................... 9, 10

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
  2017 WL 2773944 (E.D. Tex. May 26, 2017) ..................................................................... 5

*Fort James Corp. v. Solo Cup. Co.*,
  412 F.3d 1340 (Fed. Cir. 2005) ............................................................................................ 1

*Hillman Group, Inc. v. KeyMe, LLC*
  No. 2:19-CV-00209-JRG, 2021 WL 1248180 (E.D. Tex. Mar. 30, 2021) ........................... 12

*Lectec Corp. v. Chattem, Inc.*,
  Civ. Action No. 5:08-CV-130, 2011 WL 13086026 (E.D. Tex. Jan. 4, 2011) ................... 10

*Mobile Telecommc'ns Techs., LLC v. Clearwire Corp.*,
  2014 WL 12663452 (E.D. Tex. Jan. 29, 2014) .................................................................... 9

*Mobile Telecommc'ns Techs. LLC v. Zte (USA) Inc.*,
  2016 WL 8260584 (E.D. Tex. July 22, 2016) ................................................................. 9, 14

*Optis Wireless Tech., LLC v. Apple Inc.*,
  2:19-cv-00066-JRG, D.I. 668 (E.D. Tex. Aug. 9, 2021) ...................................................... 6

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
 Civ. Action No. 2:16-cv-230-JRG, 2017 WL 11631146 (E.D. Tex. Sept. 29,
 2017) ....................................................................................................................................1, 3, 7

*PalTalk Holdings, Inc. v. Microsoft Corp.*,
 No. 2:06-cv-367(DF), 2009 WL 10677783 (E.D. Tex. Feb. 25, 2009) ......................................3

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) .........................................................................9

*Petesky Prods., Inc. v. Rothman*,
 264 F. Supp. 3d 731 (E.D. Tex. 2017) .....................................................................................1

*Pinn, Inc. v. Apple Inc.*,
 SA CV 19-01805-DOC-(JDEx), D.I. 459 (C.D. Cal. July 14, 2021) .........................................6

*Realtime Data, LLC v. Actian Corp.*,
 No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045 (E.D. Tex. May 4, 2017)............................8

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*,
 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) .............................................................................5

*Stingray IP Sols., LLC v. Signify N.V.*,
 No. 2:21-cv-00044-JRG, D.I. 68 (E.D. Tex. Oct. 22, 2021) ....................................................14

*Traxcell Technologies, LLC v. AT&T, Inc. et al.*,
 2:17-cv-00718 (E.D. Tex. Oct. 1, 2019) ...................................................................................8

*U.S. v. Ellis*
 No. CRIM. A. 95-435-4, 1997 WL 297080, (E.D. Pa. May 22, 1997) .....................................4

*Wi-LAN Inc. v. HTC Corp.*,
 No. 2:11-CV-68-JRG, 2013 WL 8811318 (E.D. Tex. Oct. 11, 2013).......................................7

*Ziilabs Inc. v. Samsung Electrs. Co. Ltd.*,
 Case No. 2:14-cv-203-JRG, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015)............................1

**Other Authorities**

Fed.R.Civ.P. 408 ................................................................................................................................10

Fed.R.Evid. 402 ..................................................................................................................................5

Fed.R.Evid. 403 ...............................................................................................................................5, 13

Fed.R.Evid. 408 .................................................................................................................................10

Plaintiff IPCom respectfully submits the following motions *in limine*.

**I.    Motion *in Limine* No. 1: Exclude evidence or argument concerning alleged discovery wrongdoing by IPCom, including that IPCom failed to produce Hitachi licenses, Bosch licenses, and/or Frohwitter emails, or attempted to shield such materials from discovery.**

Defendants and Intervenors intend to present to the jury—and the Court should exclude—evidence and argument related to their unsupported narrative of alleged IPCom pre- and post-complaint wrongdoing on which they based their summary judgment motion on unclean hands and spoliation (D.I. 187).  If, as IPCom requests, the Court denies Defendants' and Intervenors' motion and instead grants summary judgment *against* them on their unclean hands and spoliation defenses,[1] then the evidence is irrelevant to any claim or defense.  Even if the Court finds there is a legitimate factual dispute, this evidence and argument should be excluded from the jury trial, because it is completely irrelevant to infringement, validity or damages, and would be unduly prejudicial to IPCom.  A determination of unclean hands or spoliation is an equitable matter for a court, not a factual issue for a jury to decide.  *Packet Intelligence LLC v. NetScout Sys., Inc.*, Civ. Action No. 2:16-cv-230-JRG, 2017 WL 11631146, at *1 (E.D. Tex. Sept. 29, 2017) (excluding evidence relating only to equitable issues); *Fort James Corp. v. Solo Cup. Co.*, 412 F.3d 1340, 1244 (Fed. Cir. 2005) (noting trial court granted motion *in limine* to preclude defense of unclean hands before jury).  Moreover, evidence of discovery disputes should be excluded because they are irrelevant to the merits and unduly prejudicial.  *Id.* at *2; *Ziilabs Inc. v. Samsung Electrs. Co. Ltd.*, Case No. 2:14-cv-203-JRG, 2015 WL 13617214, at *2 (E.D. Tex. Oct. 28, 2015) (excluding argument regarding spoliation or discovery violations).

---

[1] *Petesky Prods., Inc. v. Rothman*, 264 F. Supp. 3d 731, 744 (E.D. Tex. 2017) (denying defendant's MSJ on copyright infringement defense, and granting summary judgment against defendant and for the plaintiff-nonmovant on the defense; noting summary judgment can granted in the absence of a formal motion by the nonmovant).

1

## II. Motion *in Limine* No. 2: Exclude evidence, argument, or insinuation that IPCom, its predecessors, or the inventors breached a duty to disclose patents to standards setting organizations (*e.g.*, ETSI, 3GPP, 3GPP2, WAP Forum).

Defendants and Intervenors have indicated that they intend to present evidence and argument that IPCom, its predecessors, and/or the inventors of the patents-in-suit breached duties to disclose the patents-in-suit to standards-setting organizations (SSOs). On the parties' meet-and-confer, the Defendants and Intervenors alleged that such evidence and argument is relevant to: (1) infringement, and (2) IPCom's "state of mind."

Neither of these purported justifications is valid. IPCom's state of mind does not affect whether the accused products infringe, whether the prior art reads on the asserted claims, or the damages owed for infringement. Nor is whether the patents were disclosed to a SSO more than 20 years ago a fact relevant to whether the accused products infringe the asserted patents, which is a determination made by applying the construed claim elements to the accused products. Indeed,

███████████████████████████████████████████████████████████

████████████████████████████████████████.

Admission of evidence and argument concerning whether there was a breach of a duty to disclose will prejudice IPCom because Defendants and Intervenors will use it to impugn IPCom's predecessors with the jury even though it has no relevance to any jury issues. Moreover, introduction of such evidence will introduce a lengthy sideshow where the parties will introduce and argue about the patent disclosure policies at each of the SSO's, whether IPCom's predecessors even had an obligation to disclose the patents, and if so, whether blanket FRAND commitments provided by Bosch, Hitachi, and IPCom to the SSO's were sufficient to satisfy any such obligations.

This would all be a waste of time, because any alleged failure to disclose patents to a SSO would only be relevant to a defense of equitable estoppel, which is a bench rather than jury issue. *Packet Intelligence LLC v. NetScout Sys., Inc.*, Civ. Action No. 2:16-cv-230-JRG, 2017 WL 11631146, at *1 (E.D. Tex. Sept. 29, 2017) (excluding evidence relating only to equitable issues).

**III.     Motion *in Limine* No. 3: Exclude evidence, argument, or insinuation that IPCom, its predecessors, or the inventors withheld or failed to disclose prior art to the patent office.**

The Court should exclude evidence or argument that IPCom, its predecessors, or the inventors failed to disclose prior art to the patent office or their patent attorney. This MIL raises similar issues to IPCom's motion to strike paragraph 154 of the report of Dr. Stephen Wicker on the invalidity of patents 7,333,822 and 10,382,909, in which he states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. D.I. 188. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would be relevant only to inequitable conduct. But Verizon, Nokia and Ericsson did not plead inequitable conduct, and AT&T has no ripe inequitable conduct defense based on its inadequate pleading and nonresponse to a directly relevant interrogatory (IPCom's motion requested summary judgment if AT&T maintained it was a live defense). D.I. 188 p. 1. Because this evidence is irrelevant to any issue, it should be excluded. *PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-cv-367(DF), 2009 WL 10677783, at *2 (E.D. Tex. Feb. 25, 2009) (granting MIL to exclude assertion at trial "with a claim or defense that was not pleaded). Even were inequitable conduct a live trial defense, it is an equitable issue which would be inappropriate to present to the jury. *Packet Intelligence LLC v. NetScout Sys., Inc.*, Civ. Action No. 2:16-cv-230-JRG, 2017 WL 11631146, at *1 (excluding evidence or argument related to "inequitable conduct or other equitable issues that are not properly considered by the jury").

Defendants and Intervenors argue that questions to Mr. Laumen about the allegedly withheld art are relevant to his credibility. D.I. 218, p. 1. Specifically, they assert that because ███████████████████████████████████████████████████████████ ██████████████████████████, they can ask Mr. Laumen whether the art was cumulative, and if the jury disagrees that it was cumulative, it could disbelieve everything Mr. Laumen testified to. D.I. 218 p. 1. But this convoluted theory holds no water and is merely an excuse to improperly air inequitable conduct allegations to prejudice the jury. D.I. p. 2-3. *U.S. v. Ellis*, No. CRIM. A. 95-435-4, 1997 WL 297080, at *9-11 (E.D. Pa. May 22, 1997) (exploration of witness' credibility cannot justify eliciting potentially prejudicial testimony on issue not before jury). Mr. Laumen has not opined about whether the prior art was cumulative, ██████████████████████ ████████████████████████████████████████████, so there is no credibility issue concerning these subjects. Further, a jury's disagreement with Mr. Laumen's testimony about whether art is cumulative, a new opinion generated in real-time at trial in response to Defendants' and Intervenors' cross-examination, would merely be that – disagreement.

Defendants and Intervenors argue: "Why Mr. Laumen did not provide those 3GPP contributions bears directly on an issue that IPCom raised—whether the prior art was cumulative of the prior art references Mr. Laumen did provide." D.I. 267 p. 1. But the "why" prior art was not submitted is not relevant to validity, only to inequitable conduct. To the extent they want to introduce evidence of prior art that the PTO did not consider to prove invalidity, or ask a witness how they came to acquire a reference or what elements it discloses, they should do so without venturing into improper inequitable conduct-like allegations that Mr. Laumen, Bosch or anyone else wrongly failed to submit that art to the PTO. *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, Civ. Action No. 5:09-CV-135, 2010 WL 11451797, at *8 (E.D. Tex. Mar. 31, 2010) (excluding

4

arguments about failures to disclose art to the patent office and of inequitable conduct but allowing argument that the PTO did not consider certain art).

**IV.     Motion *in Limine* No. 4: Exclude evidence or argument concerning** ███████████████████████████████████████████████.

███████████████████████████████████████████████████ are irrelevant to this case and will waste time and judicial resources if raised at trial.  The only purpose of this evidence would be to prejudice the jury.  Thus, it should be excluded under FRE 402 and 403.

This Court routinely grants MILs excluding discussion of ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████ will only serve to confuse the jury about the real issues. ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████.

Further, courts in this district routinely exclude testimony regarding █████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████ irrelevant to the merits of the case and would only be raised to prejudice IPCom.  For example, ██████████████████ ████████████████████████████████████████████████████████. Such testimony is collateral to the actual issues in the case, ██████████████████

5

███████████████████████████████████████████████████████████████

████████████████████████████.

**V.    Motion *in Limine* No. 5: Exclude evidence or argument concerning ██████ ████████████████████████████████████████████████████████████████ ██████.**

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████; any other such discussion would simply be to disparage IPCom in front of the jury and raise irrelevant issues. For the same reasons that discussions of ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████.

**VI.   Motion *in Limine* No. 6: Exclude evidence or argument concerning other litigations involving IPCom, except for the original litigation between IPCom and Deutsche Telekom.**

The Court should exclude evidence and argument about other IPCom litigation except for the litigation leading to the 2013 patent license between IPCom and Deutsche Telekom. IPCom moved to strike the report of defense damages expert John Bone which relied on a 2020 antitrust action that Defendant Deutsche Telekom filed in Germany in retaliation for IPCom's filing of the related Sprint litigation in this Court on October 1, 2020. D.I. 181. ████████████████

███████████████████████████████████████████████████, but they oppose this motion because they want to introduce evidence of other IPCom litigation. The only other litigation they identify is litigation by Nokia against IPCom in Europe over *unasserted*

6

IPCom patents,  , Dr. Chrissan was not even asked questions at his deposition about them, demonstrating their lack of significance.

Delving into other collateral litigations that do not involve the patents-in-suit will be a wasteful distraction requiring explanation as to what was happening in each of those other litigations. Because such evidence and argument is irrelevant, wasteful, and unduly prejudicial, the Court should exclude it. *Packet Intelligence LLC v. NetScout Sys., Inc.*, Civ. Action No. 2:16-cv-230-JRG, 2017 WL 11631146, at *4 (E.D. Tex. Sept. 29, 2017) (excluding evidence of foreign proceedings); *Wi-LAN Inc. v. HTC Corp.*, No. 2:11-CV-68-JRG, 2013 WL 8811318, at *2 (E.D. Tex. Oct. 11, 2013) (granting MIL to exclude other litigations not involving patents-in-suit or foreign counterparts).

**VII. Motion *in Limine* No. 7: Preclude mention of patents, patent claims, and accused products that have been dropped.**

Defendants and Intervenors appear intent on informing the jury that IPCom has dismissed patents, claims, and/or products since the outset of this case. For instance, during the parties' meet-and-confer, Defendants indicated that the jury was at least entitled to hear that IPCom had dropped U.S. Patent No. 7,778,310 (the "'310 patent") after this court issued its claim construction order. *See* Dkt. No. 128. However, the fact that IPCom voluntarily dropped a patent, claims, or products is of no relevance to the other asserted patents and accused products. Further, the introduction of such information is prejudicial, since it could create the unfair inference that the remaining asserted patents are weak, or that IPCom files frivolous litigation claims.

7

This Court has routinely prohibited references to dropped patents or claims, finding them irrelevant, confusing, and unfairly prejudicial. *See e.g.*, *Traxcell Technologies, LLC v. AT&T, Inc. et al.*, 2:17-cv-00718 (E.D. Tex. Oct. 1, 2019) ("exclud[ing] reference to the fact that any claim, theory, or product was dropped"); *Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045, at *1 (E.D. Tex. May 4, 2017) (precluding evidence of "no-longer-asserted patents, dropped patent claims"); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11538713, at *3 (E.D. Tex. Feb. 26, 2010) (holding that "that permitting 'sideshow' litigation about dropped claims and instrumentalities would cause undue prejudice, jury confusion, and waste of time."); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) (same). In addition, precluding reference to dropped patents and claims encourages the practice of narrowing disputes for trial, and holding otherwise "would punish [Plaintiff] for an approach to litigation that this Court encourages—narrowing the evidence, contentions, and asserted claims as trial becomes imminent." *DataTreasury Corp.*, 2010 WL 11538713, at *3.

During the parties' meet-and-confer, Defendants indicated that IPCom's dropping of the '310 patent was admissible because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Even so, there is no reason for either side to inform the jury that the patent was originally asserted against Defendants in this case and then dropped. Furthermore, the parties need only refer to the existence of an adverse claim construction ruling, not that it was from this Court in this case. Allowing Defendants to introduce such unnecessary information would be unfairly prejudicial to IPCom.

8

**VIII. Motion *in Limine* No. 8: Exclude evidence or argument that an expert's opinion has been excluded or found to be unreliable in this or any other lawsuit.**

Discussions about exclusion of an expert's opinions from other unrelated cases are irrelevant to the facts of this case and purely prejudicial, and thus should be excluded. This Court routinely excludes such testimony, as long as the party offering the expert does not open the door by offering evidence of how frequently the expert's testimony has been accepted by other courts. *See Parthenon Unified Memory Architecture LLC v. Apple Inc.*, 2016 WL 7743510, at *1 (E.D. Tex. Sept. 21, 2016). And this Court has also excluded evidence about expert testimony "unrelated to those at issue in this case," specifically for purposes of impeachment. *See Mobile Telecommc'ns Techs. LLC v. Zte (USA) Inc.*, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016).

There is no probative value to such evidence or argument, which only serves to confuse the jury, since the facts and circumstances of each case are different. By raising the fact that an expert's opinion was excluded from a prior case, both sides are forced to delve into the facts of *that* case, comparing and distinguishing such facts until they are intertwined with the facts of the instant case. Such evidence or argument on collateral matters is a waste of time and judicial resources, and "carries a significant risk of juror confusion and unfair prejudice." *Mobile Telecommc'ns Techs., LLC v. Clearwire Corp.*, 2014 WL 12663452, at *1 (E.D. Tex. Jan. 29, 2014).

Similarly, expert opinion that has been excluded in this case has no probative value and would risk juror confusion and unfair prejudice to the party proffering the expert. The Court's exclusion of an expert opinion already precludes the proffering party from raising such testimony to support its case; it would be improper to allow the opposing party to raise excluded testimony solely to impugn the expert in front of the jury. *Daubert* provides "a gatekeeping role for the

9

judge." *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 597-98 (1993). Once the gate is closed, it should remain closed to all parties.

### IX. Motion *in Limine* No. 9: Exclude evidence or argument concerning IPCom's pre-suit correspondence with Defendants and Intervenors.

The Court should exclude evidence and argument regarding IPCom's pre-suit communications with the Defendants and Intervenors. The Defendants and Intervenors filed a motion for summary judgment of no pre-suit willful infringement which alleged that IPCom's pre-suit correspondence with AT&T and Verizon in 2019 and 2020 was insufficient to show willfulness. D.I. 173. To streamline the case, IPCom agreed to withdraw its claim for pre-suit willfulness. D.I. 219. Moreover, IPCom has never asserted willfulness against the Intervenors as it has not brought any infringement claims against them. In light of the foregoing, IPCom's pre-suit communications with the Defendants and Intervenors are irrelevant to any remaining issue or defense in the case, including infringement, validity or damages.

Moreover, such pre-suit correspondence implicates Fed.R.Evid. 408. The correspondence related to claims IPCom had against Defendants and invited licensing negotiations to resolve those claims. During the meet-and-confer, the Defendants only alleged that the pre-suit correspondence was pertinent to "value" which is precisely what Rule 408 seeks to exclude. *Lectec Corp. v. Chattem, Inc.*, Civ. Action No. 5:08-CV-130, 2011 WL 13086026, at *7 (E.D. Tex. Jan. 4, 2011) (excluding settlement negotiations under Fed. R. Civ. P. 408).

### X. Motion *in Limine* No. 10: Preclude argument or insinuation that the accused instrumentalities do not infringe because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

IPCom contends that two of the asserted patents - the '147 and '261 - are standards essential, whereas the three remaining asserted patents - the '822, '909, and '463 - are not standards

essential, ██████ ███████████████████████████████████████████████████

████████████████████████████████████████████████.

Defendants and Intervenors appear to want to argue that Nokia and Ericsson are the parties that developed the technical standards relating to MMS messaging and 3G/LTE base stations, while IPCom and its predecessors either did not participate in the standards development process or failed to substantively contribute to such standards. While IPCom has no objection to the parties providing general background as to the development of the industry technical standards, Defendants and Intervenors should not be permitted to imply to the jury that their participation at the standards bodies, and IPCom's alleged lack of participation, suggests anything about infringement.

Infringement is established by comparing the accused product with the respective claim limitations. *See Becton Dickinson & Co. v. C.R. Bard, Inc*., 922 F.2d 792, 796 (Fed.Cir.1990)). The identity of the parties who develop accused products is of no relevance to infringement, let alone the identity of the parties who develop the standards ████████████████████. Patent infringement is a strict liability tort and cases of innocent infringement after independent development are commonplace. Defendants and Intervenors should not be permitted to confuse a lay jury into thinking that the accused products cannot infringe IPCom's patents because ██ ████████████████████████████████████████████████████████████.

Defendants and Intervenors contend that such evidence relates to their noninfringement claims. However, ███████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████. Allowing such evidence and attorney argument serves no legitimate purpose and would merely serve to

11

confuse the issues and mislead the jury into applying an improper infringement analysis. Thus, IPCom's motion *in limine* should be granted.

### XI. Motion *in Limine* No. 11: Exclude evidence or argument concerning absent witnesses not under the control of a party.

The Court should exclude all evidence and argument regarding the absence at trial, in person or by deposition, of a witness not under a party's control. The Defendants and Intervenors intend to try to divert the trial from the merits of infringement, validity and damages, into a sideshow about the alleged wrongdoing of IPCom and its former Managing Director Bernhard Frohwitter. D.I. 187 (unclean hands/spoliation MSJ); D.I. 216 (AT&T opp. to IPCom MSJ on equitable estoppel); *see also* MIL 1 above. As IPCom demonstrated (D.I. 223), Defendants' and Intervenors' allegations are unsupported, including their suggestion that IPCom engineered Mr. Frohwitter's objection to being deposed outside German law.  Mr. Frohwitter was not an IPCom employee, and IPCom does not control his appearance at trial or deposition.

For these reasons, the Court should exclude any "empty chair" evidence or argument regarding Mr. Frohwitter's absence at trial. The Court should also apply this exclusion generally, including to the Bosch and Hitachi inventors of IPCom's asserted patents-in-suit who are outside IPCom's control. *Hillman Group, Inc. v. KeyMe, LLC*, No. 2:19-CV-00209-JRG, 2021 WL 1248180 at *6 (E.D. Tex. Mar. 30, 2021) (excluding "empty chair" arguments by all parties; providing that "[i]nsofar as either party has a factual and legal basis to believe that an absent witness is subject to the sole control of the other party, and whose absence is an intentional act worthy of an exception to this ruling, the party seeking to make such argument must seek leave of the Court in advance.").

XII.   **Motion *in Limine* No. 12: Exclude evidence or argument that the Intervenors are accused infringers, the real defendants, or similar.**

Throughout this case, Defendants and Intervenors have repeatedly tried to substitute the Intervenors for the Defendants. For example, in attempting to defeat IPCom's "prudential standing," Defendants and Intervenors referred to Ericsson and Nokia as "the true defendants in this action—the infrastructure businesses that are bound to indemnify their customers." D.I. 160 at 5-6. ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████. In other words, Intervenors are attempting to unilaterally and improperly insert themselves in place of the actual Defendants in this case.

However, Defendants and Intervenors cannot be permitted to make such confusing arguments to the jury. First, the claims asserted by IPCom against Defendants are method claims that Intervenors do not infringe by selling the Accused Instrumentalities to Defendants. Thus, the Intervenors have not infringed and it is factually inaccurate to portray them as the real infringers or real defendants. Second, IPCom has only brought infringement claims against the carriers and not against Ericsson or Nokia. Thus, it is again factually inaccurate to characterize the Intervenors as Defendants when no legal claims have been asserted against them by IPCom. Third, being presented with argument that Intervenors are the "true defendants," the jury could improperly decide that they cannot find against the carrier Defendants because the Intervenors are allegedly the "right" parties. In other words, rather than deciding the case on the merits, the jury could render a verdict of no infringement simply because they view it as unfair to Defendants, believing them to be improper parties. That is textbook unfair prejudice and jury confusion under FRE 403.

Even assuming *arguendo* that IPCom could have brought suit against the Intervenors, "[t]he plaintiff is ultimately the master of its complaint and is not required to join all tortfeasors in a lawsuit." *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-cv-00044-JRG, D.I. 68, at *14 (E.D. Tex. Oct. 22, 2021) (citing *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)). Consistent therewith, evidence and argument about which parties a plaintiff chooses to sue or not sue is routinely excluded. *See, e.g.*, *Cellular Commc'ns Equip. LLC v. Apple Inc.*, 2016 WL 11496010, at *1 (E.D. Tex. Sept. 2, 2016); *Mobile Telecommc'ns Techs., LLC v. Zte (USA) Inc.*, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016). Thus, Defendants and Intervenors should not be able to imply that IPCom sued the wrong parties and that the Intervenors are really the Defendants.

DATED:  February 11, 2022					Respectfully submitted,


							By: /s/ *Jeffrey B. Plies*
							Martin J. Black **LEAD ATTORNEY**
							Pennsylvania Bar No. 54319
							DECHERT LLP
							Cira Centre
							2929 Arch Street
							Philadelphia, PA 19104
							Tel: (215) 994-4000
							Fax: (215) 994-2222
							martin.black@dechert.com

							Jeffrey B. Plies
							DECHERT LLP
							Texas Bar No. 24027621
							515 Congress Avenue
							Suite 1400
							Austin, TX 78701
							Tel: (512) 394-3000
							jeffrey.plies@dechert.com

							*Counsel for Plaintiff*
							IPCom, GmbH & Co. KG

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record who have consented to electronic service as this district requires in accordance with Local Rule CV-5(a)(3)(A) on this 11 day of February 2022.

<em>/s/ Jeffrey B. Plies</em><br>
Jeffrey B. Plies

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL PURSUANT TOLOCAL RULE CV-5(A)(7)**

I hereby certify that IPCom is authorized to file the foregoing document and related exhibits under seal by the Court pursuant to Paragraph 24 of the Protective Order entered by the Court, as they contain DESIGNATED MATERIAL.

<em>/s/ Jeffrey B. Plies</em><br>
Jeffrey B. Plies

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for IPCom conferred with counsel for Defendants and Intervenors regarding this Motion. Defendants and Intervenors indicated they oppose the relief sought herein.

<em>/s/ Jeffrey B. Plies</em><br>
Jeffrey B. Plies