**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IPCOM GMBH & CO. KG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.   2:20-CV-00322-JRG |
| | § | (LEAD CASE) |
| AT&T INC,  ET AL., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| NOKIA OF AMERICA CORPORATION, | § | |
| ERICSSON INC. | § | |
| | § | |
| *Intervenors.* | § | |

| | | |
|---|---|---|
| v. | § | CIVIL ACTION NO.   2:20-CV-00323-JRG |
| | § | (MEMBER CASE) |
| VERIZON COMMUNICATIONS INC,  ET | § | |
| AL., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| NOKIA OF AMERICA CORPORATION, | § | |
| ERICSSON INC. | § | |
| | § | |
| *Intervenors.* | § | |

## ORDER MEMORIALIZING

The Court held a Pretrial Conference in the above-captioned matter on Monday, February 28, 2022 and Tuesday, March 1, 2022 regarding pending pretrial motions, motions *in limine* ("MILs"), and disputed exhibits between Plaintiff IPCom GmbH & Co. KG ("Plaintiff" or "IPCom"), Defendants AT&T Corp., AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, AT&T Services, Inc., (collectively, "AT&T") and Cellco Partnership d/b/a Verizon Wireless, (together with AT&T, "Defendants"), and Intervenors Nokia of America

Corporation and Ericsson Inc. (together, "Intervenors") (all collectively, "the Parties"). (Dkt. Nos. 172, 173, 174, 181, 182, 187, 188, 189, 273, 274, 275, 284, and 285). This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench as reflected in the record. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

1.    **Defendants' and Intervenors' Motion for Summary Judgment of Unenforceability of the Patents-in-Suit, or in the Alternative, an Adverse Inference Jury Instruction (Dkt. No. 187)**

The motion was **DENIED**. (Dkt. No. 302 at 69:11–70:22).

The Court noted that material questions of fact existed regarding whether IPCom or its former managing director Bernard Frohwitter possessed the required intent to spoliate evidence or act with unclean hands. (*Id.* at 70:13–18). The Court also noted that it would determine whether the pleadings and record established the proper basis to conduct a bench trial on any live equitable defense of unclean hands after the return and acceptance of a jury verdict. (*Id.* at 70:5–12).

2.    **Intervenor Nokia's Motion for Partial Summary Judgment of Non-Infringement Based on License and Exhaustion (Dkt. No. 172)**

The Motion was **DENIED**. (*Id.* at 80:25–81:2).

The Court found that disputed questions of fact—such as, for example, whether the products furnished by AT&T before January 1, 1993 were of the same kind of products as those accused in the instant case—precluded a grant of summary judgment. (*See id.* at 80:16–19).

3.    **Defendants' Motion for Summary Judgment of Ineligibility of U.S. Patent Nos. 7,333,822 and 10,382,909 Under 35 U.S.C. § 101 (Dkt. No. 174)**

The Motion was **DENIED**. (*Id.* at 98:1–99:1).

The Court found that the claims at issue were either directed to a nonabstract concept and thus survived step one of the *Alice* analysis or—if directed to an abstract concept—clearly raised factual issues at step two regarding whether the claims involve only technologies and activities that were well-understood, routine, and conventional as understood by a personal of ordinary skill in the art. (*Id.*). The Court noted that its precise ruling would be issued in a separate and forthcoming written order. (*Id.* at 98:14–24).

4.    **IPCom's Motion to Strike the Expert Reports of John Bone (Dkt. No. 181)**

The motion was **GRANTED**. (*Id.* at 114:11–115:24).

Regarding the Bone Rebuttal Damages Report, the Court struck Mr. Bone's affirmative reasonable royalty opinion in paragraphs 197 through 316 of the report. (*Id.* at 114:14). The Court found that Mr. Bone's opinions failed to follow the statutory mandate of 35 U.S.C. § 284 that damages must be no less than a reasonable royalty for the use made of the invention by the infringer because Mr. Bone constructed a hypothetical negotiation controlled by the non-infringing intervenors and utilized a royalty base comprising the Intervenor's non-infringing sale of equipment rather than the allegedly infringing use of the invention made by the named Defendants. (*Id.* at 114:14–115:3).

Regarding the Bone Licensing Report, the Court struck the report in its entirety. (*Id.* at 115:8–19). The Court found that Mr. Bone lacked personal knowledge of the documents cited in the report, that the opinions provided therein allowed for no meaningful cross-examination, and that the report served simply as a conduit to introduce hearsay evidence into the record. (*Id.*).

The Court further noted that the portion of Dkt. No. 181 regarding the Deutsche Telekom refund litigation was **WITHDRAWN** and no longer disputed because the Parties agreed that such litigation would not be discussed during the case. (*Id.* at 106:13–23; 115:19–21).

Finally, the Court **DENIED** Defendants' and Intervenors' request for leave to file a corrected Bone Rebuttal Damages Report finding that merely removing the non-infringing Intervenors from the hypothetical negotiation would not cure the flaw in the analysis because the affirmative reasonable royalty opinion and *Georgia-Pacific* factors were still tethered solely to the non-infringing sale of Intervenors' telecommunication equipment. (*Id.* at 116:9–117:24).

**5.    IPCom's Motion to Strike Portions of Dr. Daniel van der Weide's Invalidity Expert Report (Dkt. No. 189)**

The motion was **DENIED**. (*Id.* at 132:1–17). The Court found the language in Defendants' and Intervenors' stipulation to be clear and appropriately narrow such that their assertion of the V1.1.0 reference in the instant case did not amount to a breach of contract. (*Id.* at 132:3–10). The Court further found that Defendants' and Intervenors' position before the PTAB was not inconsistent with its position before this Court such that a finding of judicial estoppel was inappropriate. (*Id.* at 132:11–14). Finally, the Court found equitable estoppel inapplicable because IPCom was not surprised by Defendants' and Intervenors' use of the V1.1.0 reference given IPCom's prior arguments regarding the same before the PTAB. (*Id.*).

**6.    IPCom's Motion to Strike Paragraph 154 of the Expert Report of Dr. Stephen Wicker (Dkt. No. 188)**

The motion was **GRANTED-IN-PART**. (*Id.* at 132:18–133:10).

The Court struck the phrase "and not disclosed them to his patent attorney" from the second sentence in paragraph 154 such that the surviving portion of the sentence reads: "Mr. Laumen admitted that he had received numerous references from the 3GPP standards body." (*Id.*). Other

4

than striking that select phrase from the second sentence of paragraph 154, the Court declined to otherwise alter or strike Dr. Wicker's report. (*Id.*).

**7.    IPCom's Motion for Partial Summary Judgment on Defendants' Equitable Estoppel, Waiver, and Acquiescence Affirmative Defenses (Dkt. No. 182)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 130:12–19, 137:22–138:21).

The Parties informed the Court that the only live issue related to Defendant AT&T's equitable estoppel defense and that the Defendants and Intervenors had withdrawn the other defenses at issue. (*Id.* at 134:19–135:16). Accordingly, with respect to the Defendants' and Intervenors' defenses of waiver and acquiescence, the motion was **GRANTED AS UNOPPOSED**. (*Id.* at 135:17–23).

Regarding Defendant AT&T's defense of equitable estoppel, the motion was **DENIED**. (*Id.* at 143:4–144:3). The Court found that factual issues precluded a grant of summary judgment and noted that, to the extent appropriate, AT&T may raise its equitable estoppel argument post-verdict before the Court. (*Id.* at 143:9–16).

**8.    Defendants' Motion for Partial Summary Judgment of No Pre-Suit Willful Infringement (Dkt. No. 173)**

The Parties informed the Court that IPCom had withdrawn its claims for pre-suit willful infringement and the motion was **WITHDRAWN**. (*Id.* at 145:1–16).

## MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following granted MILs before the venire panel or the jury without prior leave of the Court:

## I.      AGREED MOTIONS *IN LIMINE* (Dkt. No. 284)

Before the pretrial conference, the Parties filed their initial Agreed Motions *in Limine* on February 11, 2022. (Dkt. No. 274). The Parties subsequently filed their second set of Agreed Motions *in Limine* (Dkt. No. 284) and filed a Joint Motion (Dkt. No. 285) requesting to withdraw their initial Agreed Motions *in Limine*. At the pretrial conference, the Court **GRANTED** the Joint Motion (Dkt. No. 285) and accordingly the initial Agreed MILs in Dkt. No. 274 were **WITHDRAWN**. (Dkt. No. 302 at 145:17–146:12).

Having considered the second Agreed Motions *in Limine* (Dkt. No. 284), the Court rules that the following MILs are **GRANTED-AS-AGREED**. Without prior leave of the Court the Parties and the Parties' fact and expert witnesses are precluded from mentioning or raising the following matters before the jury:

| | |
|---|---|
| Agreed MIL 1 | **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding the existence of or any statements made during prior settlement negotiations or mediation between the parties. This does not preclude the admission of executed agreements involving a party to the suit, nor the circumstances or negotiations leading to such agreements.** |
| Agreed MIL 2 | **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding the use of jury consultants, shadow jurors, or focus groups.** |
| Agreed MIL 3 | **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding infringement under the doctrine of equivalents.** |
| Agreed MIL 4 | **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding any alleged willfulness of intervenors Nokia and Ericsson.** |
| Agreed MIL 5 | **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding DT's antitrust litigation against IPCom in Europe.** |
| Agreed MIL 6 | **No party or witness shall offer any evidence, testimony, argument, or suggestion that IPCom is entitled to damages for patents not in suit.** |

Agreed MIL 7  **No party or witness shall make any inflammatory or misleading statements about the "clear and convincing" evidence standard beyond how the Court defines it for the jury. For example, no party or witness shall compare the "clear and convincing" standard for invalidity to the standard for child removal under the Texas Family Code.**

Agreed MIL 8  **IPCom and its witnesses shall not characterize Defendants or Intervenors' conduct as "theft," "stealing," "pirating," or any similar terms.**

Agreed MIL 9  **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding investigations of any party conducted by government or regulatory agencies, such as the Department of Justice or the European Commission, or any settlements resulting from such investigations. For example, no party or witness shall reference Ericsson's settlement resolving the Department of Justice's investigation into violations of the Foreign Corrupt Practices Act.**

Agreed MIL 10  **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding AT&T's affiliation with media companies.**

Agreed MIL 11  **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding any other party's business practices that are not relevant to this litigation or the patents-in-suit, including, for example, any Defendants' ability to slow user data transfer speeds.**

Agreed MIL 12  **No party or witness shall offer evidence, testimony, or argument that the party previously shielded via a claim of privilege.**

Agreed MIL 13  **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding any prior or pending inter partes review (IPR) proceedings. This does not preclude reference to any statements made therein, which shall be presented as statements made in 'another proceeding,' or similar.**

Agreed MIL 14  **No party or witness shall offer any evidence, testimony, argument, or suggestion that the existence of a license implies that the Defendants or Intervenors infringe the asserted patents.**

Agreed MIL 15  **Fact witnesses, including Christoph Schoeller and Pio Suh, shall not offer expert opinions on the hypothetical negotiation or on the comparability of the DT license to the hypothetical negotiation in this case.**

| | |
|---|---|
| Agreed MIL 16 | **No party or witness shall offer any evidence, testimony, argument, or suggestion regarding licenses with non-carriers executed after the close of fact discovery. The parties agree that if IPCom executes any license(s) with a carrier after the close of fact discovery, if they are unable to reach an agreement, the parties will seek the Court's guidance in terms of the admissibility of said license(s).** |
| Agreed MIL 17 | **No party will ask questions during voir dire seeking to commit prospective jurors to a particular range or amount of damages. This MIL does not preclude asking the jury if they would be able to award damages in the 'tens of millions of dollars' if the evidence supported such an award.** |
| Agreed MIL 18 | **No party or witness will offer any evidence, testimony, argument, or suggestion regarding Defendants or Intervenors' total company revenues, profits or net worth.** |
| Agreed MIL 19 | **Pejorative references to IPCom or its business model are precluded (e.g., "patent troll," "nonpracticing entity," "patent assertion entity," "litigious"). This MIL does not preclude references to IPCom as being a "patent licensing entity" or "patent licensing company."** |
| Agreed MIL 20 | **Exclude evidence, argument, or implication that the accused instrumentalities do not infringe because Defendants and/or Intervenors have their own patents that cover such instrumentalities (e.g., base stations, MMSC's, SMSC's, etc.).** |
| Agreed MIL 21 | **Exclude argument or insinuation that a damages award would drive up consumer prices, cause layoffs, or have negative impacts on the economy in general.** |
| Agreed MIL 22 | **Preclude disparagement of the PTO or examiners, e.g., overworked, incompetent, generally poor quality of examination.** |
| Agreed MIL 23 | **Exclude evidence, testimony, argument, or suggestion in the presence of the jury regarding the overall revenues or profits from Defendants' wireless services or sales of equipment.** |

## II.   PLAINTIFF'S DISPUTED MOTIONS *IN LIMINE* (Dkt. No. 275)

| | |
|---|---|
| Plaintiff's MIL 1 | **Exclude evidence or argument concerning alleged discovery wrongdoing by IPCom, including that IPCom failed to produce Hitachi licenses, Bosch licenses, and/or Frohwitter emails, or attempted to shield such materials from discovery.** |

The MIL was **GRANTED**. (Dkt. No. 302 at 148:6–18).

The Court noted that such evidence carries a very high risk of prejudice depending on the context of its use. Accordingly, the Court will exercise its role as a gatekeeper and require the Parties to approach and explain its probative value before offering such evidence before the jury. (*Id.*).

Plaintiff's MIL 2     **Exclude evidence, argument, or insinuation that IPCom, its predecessors, or the inventors breached a duty to disclose patents to standards setting organizations (e.g., ETSI, 3GPP, 3GPP2, WAP Forum).**

The MIL was **GRANTED**. (*Id.* at 150:4–5).

The Court noted that testimony or evidence that certain patents were not contributed to a standard setting body is permissible, but that the Court must be actively involved and grant advance leave before any recitation to the jury that there was a duty to disclose that was affirmatively breached. (*Id.* at 149:2–150:3).

Plaintiff's MIL 3     **Exclude evidence, argument, or insinuation that IPCom, its predecessors, or the inventors withheld or failed to disclose prior art to the patent office.**

The MIL was **GRANTED AS AGREED** and announced in the record. (*Id.* at 150:19–21).

The Parties reached an agreement that "[D]efendants can state that inventors possessed prior art and can show which art was and was not before the patent office but cannot say that the inventor did not give the reference to a patent to the patent attorney; *i.e.*, cannot connect the dots between the prior facts." (*Id.* at 150:11–16).

Plaintiff's MIL 4     **Exclude evidence or argument concerning IPCom's ownership, investor structure, and sources of funding.**

The MIL was **GRANTED**. (*Id.* at 152:11–17).

The Court noted the Parties may offer a generic background review of the ownership and history of the asserted patents. However, beyond this the Court will act as an active gatekeeper to

ensure that the prejudicial effect of going into the financial structures of the Parties does not outweigh its probative value. (*Id.* at 152:1–153:1).

Plaintiff's MIL 5    **Exclude evidence or argument concerning which persons or entities will receive the proceeds from any judgment (except to show witness interest or bias).**

The MIL was **GRANTED**. (*Id.* at 155:23–156:7).

The Court noted that the Parties must seek leave of Court before attempting to assert or imply that an individual not then on the witness stand was less than unbiased or fair minded because of a financial interest in the case. (*Id.*).

Plaintiff's MIL 6    **Exclude evidence or argument concerning other litigations involving IPCom, except for the original litigation between IPCom and Deutsche Telekom.**

The MIL was **GRANTED**. (*Id.* at 163:11–20).

The Court noted that the Parties' expert witnesses on damages (as applied to all expert witnesses) are limited to testifying affirmatively within the four corners of their reports and are subject to being cross-examined both as to their testimony and the material included within their reports. (*Id.*).

Plaintiff's MIL 7    **Preclude mention of patents, patent claims, and accused products that have been dropped.**

The MIL was **GRANTED**. (Dkt. No. 303 at 13:3–8).

The Court noted that it would act as a gatekeeper and, to the extent that IPCom opens the door to issues related to patents that have formerly been dropped from the case, would allow Defendants and Intervenors to respond proportionately and as the Court deems appropriate. (*Id.*).

Plaintiff's MIL 8    **Exclude evidence or argument that an expert's opinion has been excluded or found to be unreliable in this or any other lawsuit.**

The MIL was **GRANTED AS AGREED**. (Dkt. No. 302 at 165:13–14).

Based on IPCom's representation that it will not seek to bolster its expert testimony based on those experts having employed similar methodologies in other litigations, Defendants withdrew their opposition to Plaintiff's MIL number 8. (*Id.* at 165:8–12).

<u>Plaintiff's MIL 9</u>   **Exclude evidence or argument concerning IPCom's pre-suit correspondence with Defendants and Intervenors.**

The MIL was **DENIED**. (*Id.* at 168:21–22).

The Court noted pre-suit conduct may be relevant to Plaintiff's claims of post-suit willfulness. (*See id.* at 167:7–24).

<u>Plaintiff's MIL 10</u>   **Preclude argument or insinuation that the accused instrumentalities do not infringe because they implement technical standards developed by parties other than IPCom, its predecessors, or the inventors.**

The MIL was **DENIED** as to the fact that IPCom did not contribute to the standard at issue or help develop the relevant standard. (*Id.* at 173:24–174:1).

However, the MIL was **GRANTED** to the extent that there is discussion beyond the fact that IPCom did not develop the standard—such as insinuations that Defendants developed the standard and therefore do not infringe. (*Id.* at 174:1–175:12).

<u>Plaintiff's MIL 11</u>   **Exclude evidence or argument concerning absent witnesses not under the control of a party.**

The MIL was **GRANTED** as clarified into the record. (*Id.* at 179:15–16).

Specifically, the Court noted that it would not preclude the Parties from showing that a witness has testified to something about which they lack personal knowledge but will require leave of Court before a party goes on to identify the individual who possesses the personal knowledge that the testifying witness lacks. (*Id.* at 179:4–9).

<u>Plaintiff's MIL 12</u>   **Exclude evidence or argument that the Intervenors are accused infringers, the real defendants, or similar.**

The MIL was **GRANTED AS AGREED**. (*Id.* at 179:20–21).

The Parties informed the Court that Defendants had withdrawn their opposition to Plaintiff's MIL number 12. (*Id.* at 179:18–19).

## III.    DEFENDANT'S AND INTERVENORS' DISPUTED MOTIONS *IN LIMINE* (Dkt. No. 273)

Defendants' MIL 1            **Expert's previous or current retention by the opposing party or its law firm(s).**

The MIL was **GRANTED**. (*Id.* at 184:6–24).

The Court noted that this MIL applies mutually—both sides are precluded from discussing the number of times any experts worked for either a law firm or a party in the case without prior leave of Court. (*Id.* at 184:6–24).

Defendants' MIL 2            **Licenses cannot be used to imply infringement.**

The MIL was **GRANTED**. (*Id.* at 194:2–5).

The Court prohibited the Parties from arguing that licenses and their use by others implies that the Defendants infringe the asserted patents; however, this MIL is not intended to prevent IPCom from offering evidence related to the value of its patented technology. (*Id.* at 194:2–21).

Defendants' MIL 3            **Defendants' overall revenues or profits.**

The MIL was **GRANTED AS AGREED**. (*Id.* at 195:1–3).

The Parties informed the Court that Defendants MIL number 3 was unopposed. (*Id.* at 194:22–25).

Defendants' MIL 4            **Opinions as to damages, including the amount of a reasonable royalty, the royalty base, recovery of enhanced damages, Defendants' or third parties' state of mind, or comparable licenses by fact witnesses.**

The MIL was **DENIED**. (*Id.* at 199:6–7).

The Court noted that it would enforce the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and no separate MIL was necessary to prevent a fact witnesses from offering inappropriate opinion testimony. (*Id.* at 196:20–25).

If the Parties desire to introduce any evidence or argument or otherwise raise or mention any of the foregoing subjects addressed by the granted MILs set forth herein and before the jury, they must first approach the bench and obtain a ruling granting leave from the Court. The above resolves all remaining motions *in limine*. All remaining MILs not covered hereby or otherwise addressed by the Court on the record are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 15th day of March, 2022.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE